UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 16-00361-CJC(DFMx)          Date: April 4, 2016

Title: IN SOOK CHOI V. WELLS FARGO BANK, N.A. ET AL.

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                        None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE**

       Plaintiff In Sook Choi brings this action against Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Evergreen Community Association ("Evergreen") (together, "Defendants") for wrongful foreclosure, negligence, quiet title, slander of title, fraud, breach of the covenant of good faith and fair dealing, unfair business practices, and breach of fiduciary duty. (*See* Dkt. 1 ["Notice of Removal"] Exh. A ["Compl."].) Evidently Plaintiff fell behind on obligations to her homeowners association, Evergreen, and Evergreen subsequently foreclosed on her home. Plaintiff alleges that the foreclosure was wrongful and that Wells Fargo had an obligation to stop it.

       Plaintiff filed her complaint in state court on January 19, 2016. On February 29, 2016, Wells Fargo removed to this court on the basis of federal question jurisdiction. (*See generally* Notice of Removal.) Wells Fargo points out that three of the complaint's causes of action mention federal law:

1. Plaintiff's sixth cause of action, for breach of the covenant of good faith and fair dealing, alleges that Defendants "[d]id not provide an accurate Truth in Lending [d]isclosure," presumably under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*. (Compl. ¶ 71.)

2. Plaintiff's seventh cause of action, for "unfair business practices," alleges that Defendants' actions violated, among other laws, "§ 1639 of Title 15 of the United

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 16-00361-CJC(DFMx)            Date: April 4, 2016
                                                                                            Page 2

---

        States Code[], together with Regulation Z, 12 C.F.R. 226.1." (Compl. ¶ 76.)

3. Plaintiff's eighth cause of action, for breach of fiduciary duty, alleges that Defendants breached a fiduciary duty they owed to Plaintiff, among other ways, by "violating the accurate disclosure requirements" of TILA and Regulation Z.

       Wells Fargo argues that these references mean that Plaintiff's complaint "arises under" federal law such that this Court has jurisdiction pursuant to 28 U.S.C. § 1331. *See id.* ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). A defendant removing an action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Whether subject matter jurisdiction exists may be raised by the Court *sua sponte* at any time. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

       An action "arises under" federal law when a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). None of Plaintiff's causes of action are created by federal law. And the Court is skeptical that any of Plaintiff's rights to relief "necessarily depends" upon the resolution of *substantial* questions of federal law. Her claim for breach of the covenant of good faith and fair dealing, for example, does allege that Defendants failed to provide TILA disclosures. But it *also* incorporates the preceding factual allegations of the complaint, which may allege breach of the covenant, and it alleges that Defendants failed to provide other (admittedly unnamed) disclosures apart from TILA. (Compl. ¶ 71.) Similarly, Plaintiff's claim for unfair business practices does not necessarily depend on the question whether Defendants violated TILA, since that claim also alleges violations of seven separate sections of California law. (*See* Compl. ¶ 76 (identifying Cal. Bus. & Prof. Code §§ 10130 and 17500, as well as Cal. Civil Code §§ 1709, 1710, 1711, 1920, and 1921).) Plaintiff's fiduciary duty claim also may not necessarily turn on the resolution of a federal question; although that claim mentions TILA and Regulation Z, it also alleges that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 16-00361-CJC(DFMx)          Date: April 4, 2016
         Page 3

---

Defendants breached their fiduciary duties through violations of Cal. Civil Code §§ 2924 and 3294. (Compl. ¶ 80.)

     When a claim "can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996). Consistent with this rule, a number of district courts in this Circuit have remanded actions removed on federal question grounds where a plaintiff's claims alleged causes of action based both on TILA violations and also separate state law wrongs. *See*, *e.g.*, *Cottrell v. Old Republic Title Ins. Co.*, No. C 07-0852, 2007 WL 951278, at *1 (N.D. Cal. Mar. 27, 2007) (remanding where "plaintiff's . . . claims [we]re predicated on alleged wrongful conduct in addition to defendants' alleged failure to provide plaintiff with copies of certain documents required by TILA"); *Meza v. Matrix Serv.*, No. CIV 2:09-3106 WBS JFM, 2010 WL 366623, at *3 (E.D. Cal. Jan. 26, 2010) (where TILA violations were alleged, remanding, "[s]ince plaintiffs can prove all their claims independently under state law"); *In re Countrywide Fin. Corp. Mortg. Marketing and Sales Practices Litig.*, No. 08md1988 DMS (LSP), 2008 WL 5450351, at *4 (S.D. Cal. Dec. 30, 2008) (remanding despite alleged TILA violations because "there [we]re numerous factual bases on which [p]laintiff's claims rely, any of which may form the basis for liability under state law").

     Wells Fargo is therefore **ORDERED TO SHOW CAUSE** why this action should not be remanded to the Orange County Superior Court for lack of subject-matter jurisdiction. Wells Fargo is ordered to file a response, or notice of its consent to remand, by **April 11, 2016**. Should Wells Fargo not consent to remand, Plaintiff shall file a memorandum responding to Wells Fargo's response by **April 18, 2016**. The hearing on Wells Fargo's motion to dismiss is hereby **VACATED** and will be rescheduled, if necessary, after the Court resolves the jurisdictional issue.

sr

MINUTES FORM 11
CIVIL-GEN                                                                                          Initials of Deputy Clerk MKU